LAW OFFICES OF PAUL DELANO WOLF
PAUL DELANO WOLF, Bar No. 78624
GABRIELA BISCHOF, Bar No. 272973
717 Washington      Street
Oakland, CA 94607
(510) 451-4600
(510) 451-3002

Attorneys for the Defendant
ANDRE GRIFFIN

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,) No.  CR 12-0526
                          )
                          ) **DEFENDANT'S SENTENCING**
     Plaintiff,           ) **MEMORANDUM**
                          )
v.                        ) Date: October 24, 2012
                          ) Time: 1:30 p.m.
ANDRE GRIFFIN,            )  Courtroom: PJH
                          )
     Defendant.           )

**INTRODUCTION**

Defendant Andre Griffin was arrested following two government controlled purchases of cocaine on March 12 and April 17, 2012.  Pursuant to pre-indictment negotiations between counsel, an Information was filed in this case charging a single count of conspiracy to distribute 28 grams or more of mixtures containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846.  In August, Mr. Griffin entered his plea of guilty to that charge.  He  will be before this Court on October 24, 2012 for sentencing based on that guilty plea, which was entered pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement.  In that plea agreement, the parties

agree that Mr. Griffin should be given a sentence of sixty (60) months on his plea and conviction.  The Probation Department, despite finding that the sentencing guidelines advise a sentence range of 84 to 105 months, rely on critical circumstances related to Mr. Griffin and his background to also recommend that this Court impose a sentence of sixty (60) months in this case.  Mr. Griffin respectfully requests that the Court impose that sentence.

## DISCUSSION

Pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), the sentence imposed must be "sufficient, but not greater than necessary" to meet the statutory sentencing goals.  Those goals include just punishment, adequate deterrence, protection of the public and providing the defendant with correctional treatment.  18 U.S.C. 3553(a).  The Court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id*.

The sentence provided for under the plea agreement in this case is sufficiently punitive based on the seriousness of the criminal conduct and Mr. Griffin's need for correctional treatment. As the Presentence Investigation Report reflects, Mr. Griffin had an exceptionally difficult upbringing. *See United States v. Floyd*, 945 F.2d 1096 (9th Cir. 1991) (in drug case, the court affirmed a departure from the guideline range of 30 years to life to 17 years because of defendant's abandonment by his parents and lack of guidance as a youth). Throughout his childhood, Andre's parents were both addicted to crack, and alternately neglected and seriously abused him.

Defendant's Sentencing Memorandum/ P. 2

His parents did not stop using drugs until 2000, when Mr. Griffin was a teenager. At that time, his parents separated and his mother moved to Georgia with Mr. Griffin's younger brother and sister, leaving Andre and his older brother, Antonio Young, behind on the streets of West Oakland. Antonio Young was murdered the next year, when he was only 18 years old, leaving Andre completely on his own at age 17. Intelligent but troubled, he struggled to complete high school but ultimately succeeded, and earned a high school diploma in 2002. Still, without financial or emotional support or opportunities for further advancement, he became enmeshed in the drug culture of West Oakland, and supported himself selling small amounts of drugs to people in the neighborhood.  Naturally, that lifestyle led to a long period of going into, and coming out of, custody with progressively fewer and fewer opportunities for productive and legal avocation.

Although the plea agreement reflects two incidents in which Mr. Griffin sold approximately two ounces of cocaine base to undercover agents, he did not regularly, if ever, sell nearly such large amounts before the incidents in this case during which he went between the government agent and a source with whom he was familiar.  Previously, Andre sold small amounts to locals and people he knew to provide for his own basic needs and occasionally give money to the mother of his son. While Mr. Griffin may have been predisposed to sell small amounts of drugs, he would/could not have sold the amounts involved in this case without the "demand" of the government buyer.  He asks that when the Court considers the guideline range that, these aberrantly large sales

Defendant's Sentencing Memorandum/ P. 3

expose him to as well as the nature of the offense, this mitigating factor be taken into consideration. *See, e.g.,United States v. Staufer*, 38 F.3d 1103, 1108 (9th Cir. 1994); *United States v. Searcy*, 233 F.3d 1096, 1100 (8th Cir. 2000). Mr. Griffin recognizes the wrongfulness of his conduct and the impact that crack cocaine has had on his community, his family and himself.  He sincerely wishes to use this five year sentence in a federal institution followed by five years on release supervised by the federal probation officer as an opportunity to rehabilitate himself, address his substance abuse issues and train for a lawful vocation. As a result of his upbringing, environment and genetics, Mr. Griffin has struggled with substance abuse since he was ten years old, and knows that it has affected his judgment and fueled his poor lifestyle choices. Five years imprisonment, will provide Andre with a substantial and effective start to addressing his substance abuse.  Obviously, Mr. Griffin would like to use that time to address his drug abuse more therapeutically in the Residential Drug Abuse Program (RDAP), and respectfully requests that the Court recommend that program. He also wishes to pursue vocational training perhaps in auto mechanics or culinary arts. Therefore, he further requests that the Court recommend placement at FCI Lompoc, which offers the RDAP program, vocational training, and is located near enough to his children and their mother in Oakland as well as his father who lives in Turlock so that these folk could visit him and maintain, as best as possible, those relationships until he is released.

Defendant's Sentencing Memorandum/ P. 4

Andre's son with Rikeisha Brumfeld is now five years old, and their second child will be born in January 2013. Rikeisha and their son have regularly visited Andre while he has been incarcerated for this case.  Andre and his father have also reconstructed their relationship in recent years.  The love, care and concern that the elder Mr. Griffin has for his son Andre is reflected in the Presentence Report and very favorably impressed the author, Deputy Probation Officer John Woods.  Andre hopes to be allowed to move away from Oakland after his release from custody and, specifically, hopes to live with or near his father in the Central Valley and eventually find work and a new life there.

Although Mr. Griffin has prior convictions, five years is the longest sentence that he has ever been required to serve, and will afford adequate deterrence to future criminal conduct. A sentence of no more than 60 months will allow for his release while his children are still young enough to follow their father out of the cycle of poverty, substance abuse, and crime that is inextricably intertwined with their family and community.

//

Defendant's Sentencing Memorandum/ P. 5

**CONCLUSION**

Mr. Griffin therefore respectfully requests that the Court accept the plea agreement, and the recommendation of the Probation Department, and impose a sentence of sixty (60) months imprisonment; five (5) years supervised release to follow, no fine, no restitution and the special assessment of $100.

Dated: October 16, 2012          Respectfully submitted:

_____/s/_____
PAUL DELANO WOLF
Attorney for the Defendant
ANDRE GRIFFIN