MELINDA HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6758
Facsimile: (415) 436-6753
E-Mail: wilson.leung@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-12-00526-PJH |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| ANDRE GRIFFIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**I.      Introduction**

The Government respectfully submits this Sentencing Memorandum regarding the defendant, Andre Griffin.  The Government has no objections to the Amended Presentence Investigation and, for the reasons set forth below, the Government submits that, given the defendant's acceptance of responsibility, as manifested by his willingness to waive indictment and plead guilty pursuant to a felony information, the Court should sentence the defendant — pursuant to the factors set forth under 18 U.S.C. § 3553(a) and consistent with the defendant's plea agreement with the Government as well as the recommendation of the Probation Department — to a term of 60 months' imprisonment, followed by 5 years of supervised release.

**II.    Discussion**

    *A.    Applicable Sentencing Law*

    Under the current sentencing regime, the Court must sentence in accordance with the directions of 18 U.S.C. § 3553(a).  Section 3553(a) provides that the sentencing "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and then sets forth specific considerations, including: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the defendant's need for educational and vocational training; the kinds of sentences available; the sentencing range under the Guidelines; any pertinent policy statements of the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).  On appellate review, a sentence is reviewed for "unreasonableness" in light of these various factors.  United States v. Booker, 543 U.S. 220, 260-62 (2005).

    Although the Supreme Court's decision in Booker has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing.  Kimbrough v. United States, 128 S. Ct. 558, 574 (2007) (internal quotation marks and citation omitted); see United States v. Carty, 520 F.3d 984, 991 (9th 2008) (*en banc*); United States v. Ellis, 641 F.3d 411, 415 (9th Cir. 2011).  There is, however, no presumption of reasonableness for a Guidelines range sentence.  See Carty, 520 F.3d at 991-992.

    "As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing."  United States v. Armstead, 552 F.3d 769, 777-78 (9th Cir. 2008); see, e.g., United States v. Treadwell, 593 F.3d 990, 1001 (2010).  In addition, the sentencing court can consider all relevant information, even acquitted conduct, when determining a defendant's sentence, so long as the sentence imposed does not exceed the applicable statutory maximum and the court finds the conduct proven by a preponderance standard.  See, e.g., United

States v. Scott, 642 F.3d 791, 800-01 (9th Cir. 2011) (holding that use of acquitted conduct at sentencing does not violate the Constitution); United States v. Mercado, 474 F.3d 654, 656-57 (9th Cir. 2007) (reaffirming post-Booker validity of United States v. Watts, 519 U.S. 148 (1997) (per curiam), which held that acquitted conduct may be used for sentencing, "'so long as that conduct has been proved by a preponderance of the evidence'") (quoting Watts, 519 U.S. at 157); United States v. Yannotti, 541 F.3d 112, 129-30 (2d Cir. 2008) (holding that "all information adduced during trial, including acquitted conduct," can be considered at sentencing; "[w]hile a fact-finder is required to find guilt beyond a reasonable doubt, the sentencing court may find facts relevant to sentencing by the lower preponderance of the evidence standard").

   B.   *The Defendant Should Receive A Sentence of 60 Months' Imprisonment*

The Government has no objection to the Guidelines calculations set forth in the Presentence Investigation Report ("PSR"). The Government submits, however, that notwithstanding the Guidelines calculations and the defendant's applicable Guidelines range of 84 to 105 months, given all the considerations under 18 U.S.C. § 3553(a), the Court should sentence the defendant to 60 months' imprisonment followed by a term of 5 years' supervised release.

The defendant is guilty of a very serious offense, conspiring to distribute cocaine base. Indeed, the defendant brokered two sales of cocaine base, once on March 12, 2012 and another on April 17, 2012. The defendant also has a series of felony convictions, none of which, however, resulted in any substantial term of imprisonment. Accordingly, the nature and circumstances of the offense and the history and characteristics of the defendant call for a stringent sentence.

Nevertheless, the Government believes that a sentence below the defendant's applicable Guidelines range would be appropriate. First, the 60-month term of imprisonment recommended by both parties and the Probation Department, while lower than the bottom of the applicable Guidelines sentence, is still a fairly significant sentence. Thus, the recommended 60-month sentence should be sufficient, in this particular case, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, and to provide deterrence.

Second, the defendant accepted his responsibility early by immediately seeking to plead guilty, which eventually resulted in his agreement to waive his right to an indictment and his guilty plea to the present felony information.  In light of this early acceptance of responsibility, the Government is willing to seek a less than Guidelines sentence, both because a sentence of 60 months' imprisonment may still be, in its own right, "sufficient but not greater than necessary" to vindicate the interests of 18 U.S.C. § 3553(a)(2), and because the defendant's early acceptance of responsibility suggests that he is amenable to rehabilitation.  Of course, should the defendant prove incorrect the Government's optimism and commit another federal crime in the future, the Government will prosecute him to the fullest extent of the law and the evidence.

**III.    Conclusion**

In light of all the factors set forth under 18 U.S.C. § 3553(a), the Government respectfully recommends that the Court sentence the defendant to a term of imprisonment of 60 months, followed by a term of 5 years' supervised release, which should include the search condition recommended by the Probation Department.

DATED: October 22, 2012                    Respectfully submitted,

MELINDA HAAG
United States Attorney

By:    /s/
W.S. Wilson Leung
Assistant United States Attorney